UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARSENE MCFADDEN, | No. 2:21-cv-02411 DAD DB P |
| Plaintiff, | |
| v. | ORDER |
| GAVIN C. NEWSOME, et al., | |
| Defendants. | |

Plaintiff, an inmate at the Sacramento County Jail, proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Subsequent to the initial complaint filed on December 27, 2021 (ECF No. 1), and prior to screening of the initial complaint, plaintiff filed the first amended complaint. (ECF No. 4.) Then on April 8, 2022, prior to any screening, plaintiff filed a second amended complaint, which is the operative complaint for screening. (ECF No. 10.)

As set forth below, the second amended complaint fails to state a claim because (1) plaintiff may not use a civil rights lawsuit to obtain dismissal of state criminal proceedings; and (2) the description of plaintiff's conditions of confinement are too vague to state a claim. Plaintiff may file a further amended complaint as set forth herein.

## I. In Forma Pauperis

Plaintiff seeks leave to proceed in forma pauperis. (ECF Nos. 5, 7.) Plaintiff's March 28, 2022 motion makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 7.) The motion is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of 20% of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Id., 550 U.S. at 555. The facts alleged must "'give the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint and construes the pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

### III.     Allegations in the Complaint

On August 24, 2021, plaintiff was arrested for alleged criminal threats. (ECF No. 10 at 1, 6.) Plaintiff alleges his current detention is illegal because the judge did not sign the holding order and the defendants collaborated to illegally detain him. (Id.)

On October 29, 2021, the trial judge granted plaintiff's motion to represent himself, but on November 22, 2021, the judge reinstated the public defender as plaintiff's counsel. (ECF No. 10 at 2, 7.) Plaintiff's attorney declared plaintiff incompetent to stand trial, causing further delays which plaintiff describes as stall tactics. (Id.)

At the jail, plaintiff has been subjected to harsh and uninhabitable living conditions, as well as police brutality. (Id. at 2, 8.) The complaint implies that plaintiff receives inadequate food ("failure to feed inmate"). (Id. at 2.)

On November 19, 2021, two officers performed a takedown on plaintiff for not locking down fast enough. (Id.) Plaintiff sustained injuries, including cuts near his eyes. (Id.)

Plaintiff states he brings claims under the Fifth, Sixth, and Eighth Amendments. (ECF No. 10 at 6-8.) For relief, plaintiff seeks monetary damages and dismissal of his criminal charges. (Id. at 9.)

### IV.     Discussion

#### A.  No Claim under § 1983 for Illegal Detention

Plaintiff may not use 42 U.S.C. § 1983 as a vehicle by which to enjoin ongoing state criminal proceedings. Federal courts may not interfere with ongoing state criminal actions absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43-54 (1971); ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund, 754 F.3d 754, 759 (9th Cir. 2014). Such

1  abstention under Younger is proper regardless of what relief is sought. See Gilbertson v. Albright,
2  381 F.3d 965, 984 (9th Cir. 2004) (en banc). A court may consider sua sponte whether Younger
3  abstention should be invoked. See H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir.
4  2000).
5        Plaintiff's Sacramento County criminal proceedings were ongoing when he filed his initial
6  complaint. See Gilbertson, 381 F.3d at 969 n.4 ("The critical date for purposes of deciding
7  whether abstention principles apply is the date the federal action is filed."). State proceedings are
8  deemed ongoing until appellate review is completed. See id. Only in the most unusual of
9  circumstances is a defendant entitled to have federal interposition by way of injunction before the
10 case concludes in the state courts. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972). Those
11 circumstances do not appear here. The state courts afford plaintiff an adequate opportunity to
12 raise on direct appeal, or via a writ of mandate, claims pertaining to his ongoing criminal
13 proceedings, including federal constitutional questions and the legality of his detention. See San
14 Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d
15 1087, 1095 (9th Cir. 2008). This court must abstain under Younger as to plaintiff's claim of
16 illegal detention and the relief requested of dismissal of state criminal charges. See ReadyLink,
17 754 F.3d at 759.

### B. Conditions of Jail Confinement

19       To state a claim under the Civil Rights Act, 42 U.S.C. § 1983, a plaintiff must allege two
20 essential elements: (1) a right secured by the Constitution or laws of the United States was
21 violated, and (2) the alleged violation was committed by a person acting under the color of state
22 law. West v. Atkins, 487 U.S. 42, 48 (1988); Naffe v. Frye, 789 F.3d 1030, 1035-36 (9th Cir.
23 2015). To the extent that plaintiff was a pretrial detainee when the alleged use of force occurred,
24 his claims arise under the Fourteenth Amendment, and the guarantees of the Eighth Amendment
25 provide a minimum standard of care. See Oregon Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120
26 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1197 (2001) (overruled on other
27 grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (2016)). Accordingly, some Eighth
28 Amendment standards are referenced herein.

**1. Excessive Force**

The right of pretrial detainees to be free from excessive force is guaranteed by the Due Process Clause of the Fourteenth Amendment and is governed by Fourth Amendment standards. Kingsley v. Hendrickson, 576 U.S. 389, 397-398, 399 (2015). To state a claim for excessive force under the Fourteenth Amendment, a pretrial detainee must show that "the force purposely or knowingly used against him was objectively unreasonable." Id. at 389; see also Graham v. Connor, 490 U.S. 386, 396 (1989) (objective reasonableness turns on the facts and circumstances of each particular case)

Under § 1983, the plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, 609 F.3d 1011, 1020-21 (9th Cir. 2010). Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S. Ct. 2101 (2012).

Here, plaintiff has not named as defendants the individual officers who performed a takedown on him on November 19, 2021. Only those officers who were personally involved can be liable to plaintiff for an excessive use of force. Plaintiff may be able to state a claim against those officers if he names them as defendants and alleges enough facts plausibly suggesting that more force was used than was reasonably necessary under the circumstances.

**2. Denial of Food and other Conditions**

At a bare minimum, jail inmates are entitled to "adequate shelter, food, clothing, sanitation, medical care, and personal safety[.]" See generally Johnson v. Lewis, 217 F.3d 726, 731-32 (9th Cir. 2000) (discussing Eighth Amendment standards for convicted prisoners); Bell, 441 U.S. at 535-36 (pre-trial detainees retain greater liberty protections than convicted persons). Here, plaintiff states he has been subjected to harsh and uninhabitable living conditions which might include inadequate food. However, the mere allegations "failure to feed inmate" and "uninhabitable living conditions" are too vague and conclusory to state a claim. See Twombly, 550 U.S. at 555-557 (in order to avoid dismissal, a complaint must contain more than "naked

5

1 assertions" or "labels and conclusions"). There are insufficient facts alleged for the court to
2 plausibly conclude that plaintiff has not received adequate food to maintain health, e.g., Lemaire
3 v. Maas, 12 F.3d 1444, 1456 (9th Cir. 1993), or otherwise that there was a sufficiently serious
4 deprivation of food, e.g., Foster v. Runnels, 554 F.3d 807, 812-13 (9th Cir. 2009) (denial of 16
5 meals in 23 days is a sufficiently serious deprivation under the Eighth Amendment). Plaintiff also
6 does not name as defendants the individuals who were personally responsible for the alleged
7 deprivation of food or uninhabitable living conditions. As set forth, plaintiff will have an
8 opportunity to amend.

### C. Leave to Amend

Plaintiff is granted leave to file a further amended complaint. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file a further amended complaint, it must state what each named defendant did that led to the deprivation of constitutional rights. See Iqbal, 556 U.S. at 676-677.

In the alternative, plaintiff may elect to stand on the complaint as it is currently pleaded. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, then the undersigned will issue findings and recommendations to dismiss the second amended complaint without further leave to amend, plaintiff will be granted an opportunity to file objections, and a district judge will determine whether plaintiff has stated a cognizable claim.

If plaintiff does not wish to pursue these claims further, then plaintiff may file a notice of voluntary dismissal. A notice of voluntary dismissal will terminate this action by operation of law.

This opportunity to amend is not for the purpose of adding new claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Instead, plaintiff should focus efforts on curing deficiencies of the claims already set forth.

An amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220. Once plaintiff files an amended complaint, the original
////

pleading no longer serves any function in the case. Therefore, in any amended complaint, plaintiff must sufficiently allege each claim and the involvement of each defendant.

### V.     Order

In accordance with the above, IT IS HEREBY ORDERED:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 5, 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth by separate order.

3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

4. Within thirty days from the date of service of this order, plaintiff must file one of the following:

   a. A third amended complaint curing the deficiencies in the claims identified in this order;

   b. A notice of voluntary dismissal; or

   c. A notice of election to stand on the second amended complaint as filed.

5. Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order and failure to prosecute.

Dated:  September 7, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
mcfa2411.scrn